**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **FRITZ MCKISICK,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:09-CV-532-Y |
| **RICK THALER, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Fritz McKisick, TDCJ-ID #1439605, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Dayton, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

**C.     FACTUAL AND PROCEDURAL HISTORY**

On August 4, 2003, pursuant to a plea bargain agreement, McKisick pled guilty to one count of indecency with a child in Criminal District Court Number One of Tarrant County, Texas, and was placed on ten years' deferred adjudication community supervision. (State Habeas R. at 73-79) McKisick did not directly appeal the deferred adjudication judgment; thus the judgment became final under state law thirty days later on September 3, 2003. *See Manuel v. Texas*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); TEX. R. APP. P. 26.2(a)(1). Thereafter, on May 29, 2007, upon the state's motion, the trial court adjudicated McKisick's guilt for the offense and sentenced him to four years' imprisonment. (*Id.* at 89) McKisick did not appeal the judgment adjudicating guilt; thus the judgement adjudicating his guilt became final thirty days later on June 28, 2007. (Petition at 2) TEX. R. APP. P. 26.2(a)(1).

Also, on June 28, 2007, McKisick filed a state postconviction application for writ of habeas corpus, raising one or more of the claims raised herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on September 10, 2008. *Ex parte McKisick*, Appl. No. WR-70,379-01, at cover. McKisick filed a second state postconviction application for writ of habeas corpus on April 15, 2009, which was dismissed as successive by the Texas Court of Criminal Appeals on May 20, 2009. *Ex parte McKisick*, Appl. No. WR-70,379-02, at cover; TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2009). McKisick filed this federal petition for writ of habeas corpus on September 7, 2009.[1] Thaler has filed an answer with

---

[1] A pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

supporting documentary exhibits addressing only the issues of limitations and exhaustion. McKisick did not file a timely reply.

**D.    ISSUES**

McKisick claims he received ineffective assistance of trial counsel during the original plea proceedings in grounds five, seven, eight, ten, and eleven. He claims he received ineffective assistance of counsel during the adjudication proceedings in grounds one through four. Finally, he claims that should he be prosecuted on counts one and two of in the indictment, which were waived by the state, the reprosecution would raise a double jeopardy issue. (Petition at 7-8 & insert)

**E.    STATUTE OF LIMITATIONS**

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

To the extent McKisick's ineffective assistance claims involve alleged acts or omissions by counsel during the original plea proceedings, under § 2244(d)(1)(A), the federal statute of limitations commenced when the trial court's "Unadjudicated Judgment on Plea of Guilty or Nolo Contendere and Suspending Imposition of Sentence" became final by the conclusion of direct review or the expiration of the time for seeking such review. For purposes of this provision, the judgment became final and the one-year limitations period began to run upon expiration of the time that McKisick had for filing a timely notice of appeal on September 3, 2003, and expired one year later on September 3, 2004, absent any applicable tolling. *Caldwell v. Dretke*, 429 F.3d 521, 526-27 (5th Cir. 2005). McKisick's postconviction state habeas applications, filed on June 28, 2007, and April 15, 2009, after the limitations period had already expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition as to these claims is time-barred.

To the extent McKisick's ineffective assistance claims involve alleged acts or omissions by counsel during the adjudication proceedings, under § 2244(d)(1)(A), the limitations period commenced when the trial court's "Judgment Adjudicating Guilt" became final by the conclusion of direct review or the expiration of the time for seeking such review. For purposes of this provision, the judgment became final and the one-year limitations period began to run upon expiration of the time that McKisick had for filing a timely notice of appeal on June 28, 2007, and expired one year later on June 28, 2008, absent any applicable tolling. *Caldwell*, 429 F.3d at 526-

27. McKisick's state habeas applications, pending 475 days, operated to toll the limitations period under § 2244(d)(2), making his petition due on or before October 16, 2009. *Scott*, 227 F.3d at 263. Thus, the petition filed on September 7, 2009, was timely as these claims.

**F.     EXHAUSTION**

Although McKisick's petition is timely as to his ineffective assistance claims during the adjudication proceedings, Thaler asserts the claims are unexhausted and procedurally barred because the claims were either not raised in state court or were raised for the first time in McKisick's second state habeas application, which was dismissed as successive.

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

McKisick did not file a petition for discretionary review raising his claims; thus it was necessary that he raise his claims in a properly filed state habeas application under article 11.07 of

5

the Texas Code of Criminal Procedure.  Article 11.07 of the Texas Code of Criminal Procedure prohibits a successive habeas petition if the petitioner urges grounds therein that could have been, but were not, raised in an earlier habeas application.  TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4; *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994).  Thus, to the extent McKisick failed to raise his claims or raised his claims for the first time in his second state habeas application, which was dismissed as abusive, the claims are unexhausted.  The Texas Court of Criminal Appeals applies the abuse of the writ doctrine regularly and strictly, and the doctrine is an adequate and independent state procedural bar for purposes of federal habeas review.  *Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2002).

### G.     CASE OR CONTROVERSY

McKisick claims that should the state "bring back" counts one and two of the indictment, which were waived by the state, reprosecution "would and could be considered double jeopardy." This claim is merely conjecture, and the controversy is more hypothetical than real.  As such, the claim does not present a federal court with the Article III case or controversy requisite to its jurisdiction. *Gray v. Johnson*, 142 F.3d 1278, 1998 WL 224065, at *1 (5th Cir. 1998) (not designated for publication).  Without a case or controversy, the court lacks subject matter jurisdiction to grant any relief.

### II.  RECOMMENDATION

McKisick's petition for writ of habeas corpus should be dismissed with prejudice as to grounds  five, seven, eight, ten, and eleven as time-barred.  The petition should be denied as to grounds one through four as unexhausted.  Ground nine should be dismissed for lack of subject matter jurisdiction.

6

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 18, 2010.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 18, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 28, 2010.

                                        /s/   Charles Bleil
                                      CHARLES BLEIL
                                      UNITED STATES MAGISTRATE JUDGE