```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

FRITZ MCKISICK                        §
                                      §
                                      §
VS.                                   §   CIVIL ACTION NO.4:09-CV-532-Y
                                      §
RICK THALER, Director,                §
T.D.C.J., Correctional                §
Institutions Division,                §
      Respondent.                     §

### ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2254 of petitioner Fritz McKisick, along with the January 28, 2010, findings, conclusions, and recommendation of the United States magistrate judge. The magistrate judge gave the parties until February 18, 2010, to file written objections to the findings, conclusions, and recommendation. As of the date of this order, no written objections have been filed.

The Court has reviewed the pleadings and the record in this case, and has reviewed for clear error the findings, conclusions and recommendation. The Court concludes that, for the reasons stated by the magistrate judge, the petition for writ of habeas corpus should be dismissed, in part, and denied.[1]

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Petitioner McKisick's grounds for relief one through four, that he received ineffective assistance of counsel during the 2007

---

[1] Although not explicitly referenced in the magistrate judge's report, McKisick's ground six, that counsel was ineffective for failing to stop and investigate the victim's statement during the plea proceedings, is resolved for the same limitations bar reason as analyzed for grounds five, eight, ten, and eleven.

adjudication proceedings, are barred from review in this Court on the basis of procedural default, and are DENIED. McKisick's grounds for relief five through eight, and ten and eleven, that he received ineffective assistance of counsel during the original 2003 plea proceedings, are barred by limitations and DISMISSED WITH PREJU-DICE.  McKisick's ground nine, that any prosecution on counts one and two would amount to a double jeopardy violation, is DISMISSED for lack of subject-matter jurisdiction.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[2] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[3] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[5]

---

[2] *See* FED. R. APP. P. 22(b).

[3] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[4] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[5] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

2

Upon review and consideration of the record in the above-referenced case as to whether petitioner McKisick has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the January 28, 2010, Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and for the reasons set forth herein.[6]

Therefore, a certificate of appealability should not issue.

SIGNED March 3, 2010.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[6]*See* FED. R. APP. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).